IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEFFREY LYNN WATKINS                                                                PETITIONER

v.                                       Case No.  6:24-cv-6031

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                     RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  ECF No. 17.  Judge Bryant recommends that the Court dismiss without prejudice Petitioner Jeffrey Lynn Watkins' amended petition filed under 28 U.S.C. § 2254.  ECF No. 8.

On March 14, 2023, pursuant to a guilty plea entered in Madison County Circuit Court, Watkins was convicted of second-degree sexual assault, in violation of Ark. Code Ann. § 5-14-125(b)(1), and incest, in violation of Ark. Code Ann. § 5-26-202(c).  That same day, for the sexual assault conviction, he was sentenced to 168 months in prison plus a 72-month suspended imposition of sentence.  For the incest conviction, he was sentenced to twelve months in prison plus a 108-month suspended imposition of sentence.  Watkins did not file a direct appeal or Rule 37.1 petition in state court.

Judge Bryant determined that because Watkins did not seek post-conviction relief in state court or direct review of his convictions from the Arkansas appellate courts, he has not exhausted his available post-conviction remedies as required by 28 U.S.C. § 2254(b).  Thus, Watkins's § 2254 amended petition must be dismissed as premature.  The Court agrees with Judge Bryant's

determination. Once Watkins has exhausted his state court remedies, he may refile his habeas petition in federal court.

Watkins has filed an objection to the Report and Recommendation. ECF No. 18. He does not object to Judge Bryant's determination that his § 2254 amended petition is premature. Instead, he states that he has now filed a post-conviction petition in the Madison County Circuit Court and asks this Court to hold his federal case in abeyance so that he can exhaust his state court remedies. The Court declines to do so. However, the Court notes that it is dismissing Watkins's § 2254 petition without prejudice so that he can file a new case in federal court once he exhausts his state court remedies.

Accordingly, upon *de novo* review, the Court adopts the Report and Recommendation (ECF No. 17) *in toto*. Watkins's habeas petition filed under 28 U.S.C. § 2254 is **DENIED** as premature, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 28th day of January, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge